<u>Not for Publication</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARMELO ALICEA, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil No. 02-1206(JBS) |
| JO ANNE BARNHART, Commissioner of the Social Security Administration, | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

This motion having come before the Court upon the Plaintiff's motion for an award of attorney's fees; and this Court having considered Plaintiff's submissions in support of the motion; and for good cause shown;

**THIS COURT FINDS** as follows:

1. This Court filed an Opinion and Order on March 10, 2003 (the "March 2003 Order") remanding this social security action to the Commissioner of Social Security pursuant to the sixth sentence of 42 U.S.C. § 405(g), to consider new, material evidence offered by Plaintiff Carmelo Alicea regarding his medical condition after September 15, 1998.[1]

---

[1] This Court explicitly stated that:

> For these reasons, this Court finds that Plaintiff had good cause for submitting new evidence that was material to his claim and that remand is necessary so that the Commissioner can consider the new, material evidence to determine whether Plaintiff is disabled.

2.      Subsequent to this Court's remand, a hearing was held before Administrative Law Judge Daniel B. Shellhamer on March 2, 2004.  On June 24, 2004, the Office of Hearings and Appeals of the Social Security Administration (the "Appeals Council") issued a decision partially favorable to Plaintiff (the decision found the Plaintiff "disabled" within the meaning of the Social Security Act, as amended, beginning on June 9, 1998).[2]  Nothing more with regard to that decision has occurred.

3.      Following the June 24, 2004 administrative decision and the January 5, 2005 Order of Dismissal from the Appeals Council, Plaintiff's attorney filed the present motion on March 4, 2005 seeking $7,593.76 in attorneys fees and $179.58 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Defendant did not oppose the motion.

4.  Under the EAJA, this Court may award reasonable attorney's fees to a plaintiff who is a prevailing party, unless the Court finds that the position of the United States was

---

Alicea v. Barnhart, No. 02-1206, Slip Op. At 27.

[2] Although no further appeal was initiated by Plaintiff, the Office of Hearings and Appeals of the Social Security Administration issued a subsequent order on August 16, 2004. That order, according to a January 5, 2005 "Order of Dismissal" was an "administrative error."  Aff. of Plaintiff's Attorney, ¶5.

2

substantially justified or that special circumstances make an award unjust.  See 28 U.S.C. § 2412.

5.   A district court may remand a social security action for further review by the Commissioner of Social Security under sentence four or sentence six of section 405(g) of the Social Security Act.  Shalala v. Schaefer, 509 U.S. 292, 299-302 (1993). A district court "may order a sentence six remand in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." Kadelski v. Sullivan, 30 F.3d 399, 401 (3d Cir. 1994). If the remand is ordered pursuant to sentence six, the plaintiff is not considered a "prevailing plaintiff" and may not recover fees immediately; instead, the plaintiff must proceed at the administrative level and will only be able to recover fees if he ultimately obtains benefits.  Id.

6.   The prevailing party must submit to the district court an application for fees and expenses "within 30 days of <u>final judgment</u> in the action."  28 U.S.C. § 2412(d)(1)(B). Under Section 2412, a "final judgment" is a judgment that is (a) entered by a district court and (b) "final and not appealable." See Melkonyan v. Sullivan, 501 U.S. 89, 94-95 (1991)("The plain

language [of the EAJA] makes clear that a 'final judgment' under Section 2412 can only be the judgment of a court of law"); see also Woods v. Dep't of Heath and Human Servs., 778 F. Supp. 976, 979 (N.D. Ill. 1991). Under the EAJA, a decision made by an administrative agency does not constitute a "final judgment." See id.

7.   In the case of a sentence six remand, the attorney's fees application period begins only (1) after the postremand proceedings are completed, (2) the Secretary of Health and Human Services (the "Secretary") returns to the district court, (3) the court enters a final judgment and (4) the appeal period expires. See Melkonyan, 501 U.S. 89 at 102; see also Woods, 778 F. Supp. at 980.  Upon completion of the postremand proceedings, "the Secretary must return to district court to 'file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which [the Secretary's] action in modifying or affirming was based." Id. at 98 quoting 42 U.S.C. § 405(g).

8.   Having previously determined that this Court's March 2003 Order was a sentence six remand, this Court must now determine whether the EAJA application was properly filed.  In this case, post-remand proceedings were completed but the

Secretary never returned to this Court seeking a final judgment. As a result, the time for filing an EAJA petition has not yet begun since the litigation in which the fees are sought is not completed.³  Plaintiff's application is premature; thus, Plaintiff cannot obtain attorney's fees at this time.⁴

---

³ Plaintiff's attorney's affidavit in support of her motion for attorney's fees states that the application is timely because it was filed within ninety (90) days of the Appeals Council issuing an Order to Dismiss - "the date upon which the judgment in this action became final and unappealable." Aff. of Plaintiff's Attorney, ¶ 9.  As discussed above, this Court disagrees.  In Melkonyan, the Supreme Court held that such an administrative agency decision is not a "final judgment" under Section 2412.  See Melkonyan, 501 U.S. at 94-95.  Rather, the 30-day window for filing a fee application is triggered by a final judgment from the district court and the expiration of the appeal period following such a judgment.

⁴ It is the Secretary's duty to seek approval of his or her final decision from this Court.  See Woods, 778 F. Supp. at 981 Until the Secretary has done this, this Court cannot rule on the petition for fees because there has not been a "final judgment" upon which fees can be given.  Like the court in Woods, this Court "is apprised of the anomaly [created] when the Secretary renders a decision that is unfavorable to himself, with control over the plaintiff's attorney's compensation in the hands of the Secretary" and echoes the sentiments of the court in Woods which stated "if the Secretary refuses to seek final judgment, the petitioner may make appropriate motions before the district court to force such a procedure to occur." Id.  The Defendant's inaction and failure to oppose Plaintiff's fee application suggests Defendant is amenable to consenting to Plaintiff's application.  The Court suggests that Plaintiff's attorney seek Defendant's consent to Plaintiff's fee application before taking additional action in this matter, without the necessity of resort to court.

**IT IS** this  14th  day of September, 2005 hereby

**ORDERED** that Plaintiff's motion for attorney's fees be, and hereby is, **DENIED WITHOUT PREJUDICE**.

         s/ Jerome B. Simandle  
        JEROME B. SIMANDLE  
        United States District Judge